IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ARMANDO MENDEZ-LABOY, <u>et al.</u>

   **Plaintiffs**

   v.

ABBOT LABORATORIES, INC.

   **Defendant**

CIVIL NO. 98-1223 (JAG)
98-1227 (JAG)

*Filed And Entered August 21, 2002 11:50 A.M.*

---

**MEMORANDUM AND ORDER**

GARCIA-GREGORY, D.J.

On March 14, 1997, Armando Méndez and Gilberto Olavarria ("plaintiffs") were employees of Abbott Health Products, Inc., ("API-Barceloneta"), a manufacturing plant located in Barceloneta, Puerto Rico. On that same date, plaintiffs were injured during an explosion at the coating solution room of API-Barceloneta, where plaintiffs were working as coating operators. Plaintiffs brought suit for damages against API-Barceloneta as their employer in the Puerto Rico Court of First Instance- Carolina Part. Plaintiffs' Complaints were dismissed on appeal by the Puerto Rico Circuit Court of Appeals inasmuch as API-Barceloneta was immune from suit under the Puerto Rico Workmen's Compensation Act. API-Barceloneta as plaintiffs' employer paid insurance premiums to the State

1



Insurance Fund and plaintiffs received medical treatment as well as all benefits derived from the insurance provided by the State Insurance Fund. Plaintiffs now seek damages from Abbott Laboratories, Inc. ("defendant"), the parent company of API-Barceloneta, contending that defendant was not immune from suit under the Puerto Rico Workmen's Compensation Act and was liable for the industrial safety at API-Barceloneta. Defendant has filed a Motion for Summary Judgment and a Statement of Uncontested Material Facts, as required by Local Rule 311.12, contending that it was not liable, as a matter of law, for the safety conditions at API-Barceloneta. Plaintiffs have not filed an opposition[1]. Upon review of the record, and following application of Local Rule 311.12, the Court grants the motion.

## DISCUSSION

I. <u>The Summary Judgment Standard</u>

Summary judgment is appropriate when "the pleadings,

---

[1] Plaintiffs had until August 19, 2002 to file a response to defendant's motion for summary judgment. As of August 20, 2002, no response or request for extension of time was filed in this Court. Orderly procedure requires that Court-imposed deadlines be strictly followed. Otherwise, it would be impossible to properly manage the Court's caseload. <u>See</u>, <u>e.g.</u>, <u>Rosario-Díaz v. González</u>, 140 F.3d 312, 315-16 (1st Cir. 1998). The Court is beset with a mounting workload, and, as a result, it must rely on its officers to comply with Court-imposed deadlines and to move cases expeditiously.

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party must demonstrate "an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325. The nonmoving party must then "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

Local Rule 311.12 requires the moving party to file and annex to the motion a "separate, short, and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried," properly supported by specific references to the record. Similarly, the rule requires the non-moving party to file a statement of contested material facts. All material facts set forth in the moving party's statement "*will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.*" (Emphasis supplied.) The First Circuit has consistently upheld the validity of Local Rule 311.12. See, e.g., Morales v. Orssleff's Eftf, 246 F.3d 32, 33 (1st Cir. 2001); Rivas v. Federacion de Asociaciones Pecuarias, 929 F.2d 814, 816 n.2 (1st Cir. 1991).

As noted earlier, plaintiffs have failed to oppose defendants's summary judgment motion. Thus, plaintiffs have failed to comply with the so-called "anti-ferret rule," as they have not presented a concise statement of material facts as to which there is a genuine issue to be tried. The Court is not required to "ferret through the record" lurking for facts that may favor plaintiffs when those facts were not proffered under a counter-designation of facts as required by Local Rule 311.12. Morales, 246 F.3d at 33. "When a party opposing a motion for summary judgment fails to comply with the 'anti-ferret rule,' the statement of material facts filed by the party seeking summary judgment [shall be] deemed ... admitted." Mendez-Marrero v. Toledo, 968 F. Supp. 27, 34 (D.P.R. 1997); Tavarez v. Champion Prods., Inc., 903 F. Supp. 268, 270 (D.P.R. 1995).

Here, plaintiffs took the risk "to sit idly by and allow the summary judgment proponent to configure the record." Kelly v. United States, 924 F.2d 355, 358 (1st Cir. 1991). Although the nonmovant's failure to provide a statement of contested material facts does not automatically warrant the granting of summary judgment, "it launches the nonmovant's case down the road towards an easy dismissal." Mendez-Marrero, 968 F. Supp. at 34. Since all material facts in defendant's statement of uncontested material

4

facts are deemed admitted, the Court need only examine whether, given the uncontested facts, defendants are entitled to judgment as a matter of law.

II. The Damages Claim

To prevail in their claim, plaintiffs bear the burden of showing that defendant, had the duty to provide a safe work environment at API-Barceloneta. See, e.g., Muñiz v. National Can Corp., 737 F.2d 145 (1st Cir. 1984); Escude Cruz v. Ortho Pharmaceutical Corp., 619 F.2d 902 (1st Cir. 1980). In the summary judgment context, plaintiffs must, therefore, proffer a scintilla of evidence to establish that the safe working conditions at API-Barceloneta were the responsibility of defendant. See Id. Because plaintiffs have failed to oppose defendant's motion for summary judgment there is insufficient evidence on the record for plaintiffs to even meet their initial burden under National Can.

Furthermore, in light of the uncontested facts that the Court has adopted pursuant to Local Rule 311.12, it is clearly undisputed that defendant is the parent company of its wholly owned subsidiary API-Barceloneta and that each corporation operates separately from the other. There is no evidence that defendant was obliged to provide the industrial safety or a safe work environment for API-Barceloneta's employees. There is abundant evidence showing that

the management at API-Barceloneta was in charge of designing and implementing the pertinent Basic Operating Procedures (BOP) for the efficient operation of the manufacturing plant and for the implementation of processes that would provide a safe workplace for API-Barceloneta's employees. Thus, the planning and implementation of Basic Operating Procedures at the Barceloneta Plant was done exclusively by API-Barceloneta's Management Team. Simply put, the admitted facts do not permit a showing that defendant was liable for the safe working conditions at API-Barceloneta. Because plaintiffs's liability claims is undisputed by any evidence that defendant had the primary responsibility for industrial safety at its subsidiary, they must be dismissed.

## CONCLUSION

For the foregoing reasons, the Court dismisses plaintiffs's Complaint with prejudice.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 21st day of August, 2002.

JAY A. GARCIA-GREGORY
United States District Judge